Filed 2/28/25  P. v. Berryman CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WARREN LAMAR BERRYMAN,<br><br>    Defendant and Appellant. | D083789<br><br><br>(Super. Ct. No. JCF13348) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Appeal dismissed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting, Kristen Ramirez, and Eric Tran, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Warren Lamar Berryman appeals from an order denying his post-judgment motion for relief under the Racial Justice Act (RJA).  (Pen. Code,

§ 745.)  After reviewing the briefing, including the parties' arguments regarding appealability, we dismiss the appeal for lack of jurisdiction under *People v. Hodge* (2024) 107 Cal.App.5th 985, 999–1000 (*Hodge*).

Berryman is currently in custody serving a life sentence for the first degree murder conviction that is the subject of his RJA motion and this appeal.  Because Berryman is in custody, he "may seek review under the Racial Justice Act only in a petition for writ of habeas corpus.  The trial court therefore lacked jurisdiction to act on the motion that he filed, and the court's order denying that motion is not appealable."  (*Hodge, supra*, 107 Cal.App.5th at p. 1000.)  Moreover, even if the trial court had exercised its discretion to treat the motion as a petition for writ of habeas corpus (which it did not), an order denying a habeas petition is also not appealable.  (*Id.* at p. 1000, fn. 5.)

We decline to treat this appeal as a petition for writ of habeas corpus under the RJA.  To do so, we would have to deem Berryman's pro per RJA motion filed in superior court to be the operative petition.  For a habeas petition properly filed under the RJA, however, the trial court must appoint counsel upon request if "the petition alleges facts that would establish a violation" of the RJA, and thereafter, "[n]ewly appointed counsel may amend a petition filed before their appointment."  (Pen. Code, § 1473, subd. (e).)  Moreover, the petitioner or appointed counsel could request discovery for the purpose of developing the RJA claims and/or filing an amended petition with additional supporting evidence.  (See *People v. Serrano* (2024) 106 Cal.App.5th 276, 285–291; *In re Montgomery* (2024) 104 Cal.App.5th 1062, 1072–1073, review granted Dec. 11, 2024, S287339; *Young v. Superior Court* (2022) 79 Cal.App.5th 138, 156–161.)  Such proceedings are more

appropriately conducted in superior court based on a properly filed RJA petition for writ of habeas corpus.

This appeal is therefore dismissed without prejudice to the filing of a proper RJA petition for writ of habeas corpus in superior court.  (Pen. Code, § 1473, subd. (e); see Judicial Council of California Form HC-001.)  If filed, the habeas petition may assert any RJA claims, including those previously ruled on in the order denying Berryman's RJA motion, which the trial court lacked jurisdiction to adjudicate under *Hodge*.  (See *In re E.M.* (2014) 228 Cal.App.4th 828, 843, fn. 12 ["Any judgment or order rendered by a court lacking subject matter jurisdiction is void."].)  We express no view on the merits of Berryman's RJA claims.

DISPOSITION

The appeal is dismissed.


BUCHANAN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


RUBIN, J.